UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PUBLIC PATENT FOUNDATION, INC.,            :
                                                                       :
                                Plaintiff,              :
                                                                       :          09 Civ. 5881 (RMB)
                - against -                              :
                                                                       :          **DECISION & ORDER**
GLAXOSMITHKLINE CONSUMER,         :
HEALTHCARE, L.P.,                                :
                                Defendant.          :
------------------------------------------------------------x

**I.      Background**

On October 15, 2010, Public Patent Foundation, Inc., a New York not-for-profit corporation affiliated with Benjamin N. Cardozo School of Law ("Plaintiff"), filed an Amended Complaint against GlaxoSmithKline Consumer Healthcare, L.P. ("Defendant") alleging violations of the False Marking Statute, 35 U.S.C. § 292 ("Section 292").  (See Am. Compl., dated Oct. 15, 2010.)  Plaintiff alleges that Defendant distributes and/or sells "two CITRUCEL® brand fiber therapy products" which are labeled with expired patents "for the purpose of deceiving the public."  (Am. Compl. ¶¶ 2, 13–18.)

On October 29, 2010, Defendant filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), arguing, among other things, that: (1) Plaintiff's "allegations of [Defendant's] intent to deceive the public do not satisfy [Rule 9(b)] pleading requirement[s]"; and (2) Section 292 violates Article II of the U.S. Constitution which provides that the President "shall take Care that the Laws be faithfully executed."  (Def.'s Mem. in Supp. of its Mot. to Dismiss, dated Oct. 29, 2010 ("Def. Mem."), at 3, 5, 12.)

On January 14, 2011, Plaintiff filed an opposition, arguing, among other things, that: (1) Plaintiff adequately pleads "intent to deceive the public" through its allegations that

Defendant "brought two lawsuits asserting the same CITRUCEL patents at issue here, including one filed within less than a year of the expiration of the[se] patents"; and (2) "every court to ever consider the issue" has not accepted Defendant's argument that Section 292 is unconstitutional. (Pl.'s Mem. of Law in Opp'n to Def.'s Mot., dated Jan. 1, 2011 ("Pl. Mem."), at 6, 7, 9, 12.)

On December 22, 2010, the United States ("Government") intervened in this action pursuant to 28 U.S.C. §§ 2403 and 517 and Fed. R. Civ. P. 5.1(c) and 24(a) arguing, among other things, that Section 292 is constitutional because the "Executive Branch [retains] 'sufficient control' over [Section 292's] enforcement." (U.S. Mem. of Law as Intervenor, dated Dec. 22, 2010 ("U.S. Mem."), at 4); see 28 U.S.C. §§ 2403(a), 517.

On January 31, 2011, Defendant filed a Reply. (See Def.'s Reply Mem. in Supp. of its Mot. to Dismiss, dated Jan. 31, 2011.) The parties waived oral argument.

**For the reasons stated below, Defendant's motion to dismiss is denied in part and granted in part.**

II.     Legal Standard

In reviewing a Fed. R. Civ. P. 12(b)(6) motion, the Court "must accept as true all well-pleaded factual allegations and must construe them in the light most favorable to the non-moving party." Hollander v. Ranbaxy Labs., Inc., No. 10-793, 2011 U.S. Dist. LEXIS 6938, at *4 (E.D. Pa. Jan. 24, 2011). "Rule 9(b)'s particularity requirement applies to false marking claims." In re BP Lubricants USA Inc., --- F.3d ---, 2011 WL 873147, *2 (Fed. Cir. 2011). A complaint pleading liability for an expired patent "must in the [Section] 292 context provide some objective indication to reasonably infer that the defendant was aware that the patent expired." BP Lubricants, 2011 WL 873147 at *3.

2

"[T]he notice procedure[s] for all patent cases . . . are sufficient to pass constitutional muster." Harrington v. Ciba Vision Corp., No. 08 Civ. 251, slip op. at 119–20 (W.D.N.C. May 22, 2009)

## III.   Analysis

### (1)   Intent to Deceive

Defendant argues, among other things, that Plaintiff's "allegations of intent to deceive the public are conclusory." (Def. Mem. at 8.) Plaintiff counters, among other things, that it has satisfied Rule 9(b) by alleging that Defendant's patent attorneys "specifically [defended] two of the patents marked on its CITRUCEL products" and that "[o]nly by knowing when the patents would expire (January 2005) could [Defendant's attorneys] have known that they had not yet expired at the time they filed those suits (2000 and 2004)" (Pl. Mem. at 8–10).

Section 292 provides, in relevant part, that

> [w]hoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word 'patent' or any word or number importing that the same is patented, for the purpose of deceiving the public . . . [s]hall be fined not more than $500 for every such offense.

35 U.S.C. § 292. A claim for liability under Section 292 requires (1) a marking on an unpatented article (2) done with intent to deceive the public. Forest Grp., Inc. v. Bon Tool Co., 590 F.3d 1295, 1300 (Fed. Cir. 2009); Max Impact, LLC v. Sherwood Grp., Inc., No. 09 Civ. 902, 2009 WL 2448108, at *1 (S.D.N.Y. 2009). Intent to deceive the public may be inferred from "the fact of misrepresentation coupled with proof that the party making it had knowledge of its falsity." Pequignot v. Solo Cup Co., 608 F.3d 1356, 1363 (Fed. Cir. 2010).

**287 and 823 Patents**

Plaintiff sufficiently alleges that Defendant marked an unpatented article by labeling CITRUCEL products in 2007 with patent numbers 4,626,287 ("287 Patent"), and 4,671,823

3

("823 Patent") after those patents had expired on January 29, 2005. (Am. Compl. ¶¶ 14, 33); see Forest Grp., Inc. v. Bon Tool Co., 590 F.3d 1295, 1300 (Fed. Cir. 2009); Pequignot, 608 F.3d at 1361 ("[A]n article that was once protected by a now-expired patent is no different from an article that has never received protection from a patent."). And, the litigations in 2000 and 2004 to enforce the 287 and 823 Patents "would have given [Defendant] a working knowledge of the expiration dates and scopes of [those] patents." [1] Id. at *7. Such litigation is an "objective indication" which at the pleading stage allows the Court to "reasonably infer that the [D]efendant was aware that the patent[s]" expired in 2005, two years before they were labeled on the CITRUCEL products. BP Lubricants, 2011 WL 873147 at *3; see Exergen, 575 F.3d at 1327; Public Patent Found. v. McNeil-PPC, Inc., No. 09 Civ. 5471 (S.D.N.Y. 2010) (Tr., Denying Mot. to Dismiss, dated Sept. 22, 2010, at 36:21-23); Brinkmeier v. Graco Children's Prods., No. 09-262, 2011 WL 772894, at *6 (D. Del. Mar. 7, 2011) (defendant's attorneys who litigated a patent "knew or should have known that [defendant's] products were not covered by the [] patent").[2]

**917 Patent**

While Plaintiff has alleged that Defendant labeled CITRUCEL products in 2007 with patent number 4,732,917 ("917 Patent") after that patent expired on December 2, 2003 (Am. Compl. ¶¶ 18, 33), the Amended Complaint does not contain allegations from which the Court can infer that Defendant intended to deceive the public, see BP Lubricants, 2011 WL 873147 at

---

[1] In July 2000, Defendant filed suit against Accumed Inc., Smithkline Beecham Consumer Healthcare, L.P. v. Accumed Inc., 00 Civ. 3605 (E.D. Pa. July 17, 2000); and in February 2004, Defendant filed suit against Perrigo Co., Smithkline Beecham Corp. et al. v. Perrigo Co., 04 Civ. 107 (D. Del. Feb. 20, 2004). (Am. Compl. ¶¶ 21–23, 25–28.)

[2] Defendant's argument that the "prior patent litigation" was instituted by SmithKline Beecham Consumer Healthcare "years before Smithkline was acquired by [Defendant]" (Def. Mem. at 9) is unpersuasive because, among other things, Defendant is the "successor in interest to Smithkline Beecham Consumer Healthcare" (Am. Compl. ¶ 21); see, e.g., GE Capital Corp. v. Titan Aviation, LLC, No. 06 Civ. 4795, 2007 WL 107752, at *4 (S.D.N.Y. Jan. 16, 2007).

\*3.  Plaintiff alleges that Defendant knew that CITRUCEL products "were marked with the [917 Patent] on or after 2007 . . . for the purpose of deceiving the public" because

> Defendant [is an] extremely sophisticated compan[y] that employ[s] multiple in-house patent attorneys and regularly litigate[s] patent-infringement and/or false advertising cases.  As such, Defendant knows, or reasonably should know, of the requirements of 35 U.S.C. § 292.

(Am. Compl. ¶ 20, 33, 37–38.)  But, merely asserting that Defendant "is a sophisticated company," "knew or should have known that the patent expired," and "marked [its] products with the patent numbers for the purpose of deceiving the public," BP Lubricants, 2011 WL 873147 at \*1, is insufficient because "generalized allegations rather than specific underlying facts from which [the Court] can reasonably infer the requisite intent, fail[] to meet the requirements of Rule 9(b)," id. at \*3; see Simonian v. Cisco Sys., Inc., No. 10 Civ. 1306, 2010 WL 2523211, at \*4 (N.D. Ill. June 17, 2010) ("The mere fact of mismarking a product does not necessarily show knowledge or intent.").

### (2)     Constitutionality of Section 292

Defendant argues that Section 292 is unconstitutional because "it does not give the Executive Branch 'sufficient control' over a private citizen's suit brought on behalf of the United States." (Def. Mem. at 12.)  Plaintiff and the Government counter, among other things, that "there exists a variety of applicable statutes and rules that allow the United States [sufficient] control" over Section 292 litigation.  (U.S. Mem. at 4; see Pl. Mem. at 12.)

The Court finds that Section 292 is constitutional because, among other reasons, "the Executive Branch is not without the ability to assert its interests in a [Section 292] qui tam action."  Pequignot v. Solo Cup Co., 640 F. Supp. 2d 714, 726–28 (E.D. Va. 2009) ("[T]here is no constitutional violation" because a plaintiff "under [Section 292] pursues a civil action, not a criminal one [which does not] cut to the heart of the Executive's constitutional duty to take care

5

that the laws are faithfully executed."); see 35 U.S.C. § 290 ("[C]lerks of the courts of the United States . . . shall give notice [of patent suits] in writing to the [Government]."); 28 U.S.C. §§ 517–518 (Government may "attend to the interests of the United States in a suit pending in a court of the United States"); 28 U.S.C. § 2403; Fed. R. Civ. P. 5.1 (A party "drawing into question the constitutionality of a federal . . . statute must promptly . . . serve the notice and paper on the [Government]."); Fed. R. Civ. P. 24(a), (b); see also Harrington v. Ciba Vision Corp., No. 08 Civ. 251, slip op. at 119–20 (W.D.N.C. May 22, 2009) ("[T]he notice procedure[s] for all patent cases . . . are sufficient to pass constitutional muster."); Shizzle Pop LLC v. Sham-O, Inc., No. 10 Civ. 3491, 2010 WL 3063066, at *3 (C.D. Cal. Aug. 2, 2010) ("[T]he Executive Branch has the ability to assert its interests [in Section 292 litigation] through procedures available under the Federal Rules of Civil Procedure."); Zojo Solutions Inc. v. Stanley Works, No. 10 C 1175, 2010 WL 1912650, at *2 (N.D. Ill. May 12, 2010).  That "the Executive Branch, the very entity [Defendant] alleges has been 'impermissibly undermined,' has intervened and expressed no objection to the manner in which [Plaintiff] has prosecuted his suit—and has actually supported [Plaintiff's] action in all respects—is . . . persuasive evidence that separation-of-powers principles have not been violated here."  Pequignot, 640 F. Supp. 2d at 728.

     This Court distinguishes Unique Product Solutions, Ltd. v. Hy-Grade Valve, Inc., (Section 292 "lacks sufficient control[s] . . . to pass Article II Take Care Clause muster," No. 10 Civ. 1912, 2011 WL 649998, at *6 (N.D. Ohio Feb. 23, 2011); see 2011 U.S. Dist. LEXIS 25328 (N.D. Ohio Mar. 14, 2011) ("[T]he qui tam provision of [Section 292] is unconstitutional.")), where the district court described the False Marking Statute as a "wholesale delegation of criminal law enforcement power to private entities."  2011 U.S. Dist. LEXIS 25328 at *6.  This Court is of the view that Section 292 is "civil in form, even though it arises under a criminal

6

statute." Pequignot, 608 F.3d at 1363 ("[T]he burden of proof of intent for false marking is a preponderance of the evidence."); see Pequignot, 640 F. Supp. at 726–28; Shizzle-Pop, 2010 WL 3063066 at *3; Simonian v. Oreck Corp., No. 10 C 1224, 2010 U.S. Dist. LEXIS 86832, at *7 (N.D. Ill. Aug. 23, 2010). Section 292 does not confer the power to initiate criminal prosecutions, nor does it give qui tam plaintiffs the "full power and independent authority to exercise all investigative and prosecutorial functions and powers of the Department of Justice." See Pequignot, 640 F. Supp. at 726–28 (quoting Morrison v. Olson, 487 U.S. 654, 662 (1988)). Rather, under Section 292, a plaintiff may maintain "only one type of suit—an action for false patent marking—and must do so at his own expense," which does not entail "criminal law enforcement power." Id. at 727. "[I]f the Federal Circuit had perceived that the statute posed a [Take Care Clause] problem, it would have . . . raise[d] and address[ed] that issue sua sponte." Zojo Solutions, 2010 WL 1912650 at *2; see Morrison, 487 U.S. at 696; Pequignot, 640 F. Supp. at 726–28; Harrington, No. 08 Civ. 251 at 119–20.

## V. Conclusion

Defendant's motion to dismiss [#44] is denied with respect to the 287 and 823 Patent and granted with prejudice with respect to the 917 Patent. (See Tr., dated Sept. 30, 2010.)

The parties are hereby directed to appear at 10:00 am on April 6, 2011 in Courtroom 21B (21st floor), 500 Pearl Street, U.S. District Courthouse for a settlement conference with principals. Parties are instructed to engage in good faith settlement negotiations prior to the conference.

Dated: New York, New York
March 22, 2011

*RMB*

RICHARD M. BERMAN, U.S.D.J.

7